UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDRICK CUNNINGHAM,

      Petitioner,

v.                                CASE NO. 8:13-cv-1955-T-23AEP

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

Cunningham applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for robbery with a firearm, for which he is imprisoned for life as a habitual felony offender.  The respondent correctly moves (Doc. 13) to dismiss the application as both time-barred and second or successive without the requisite authorization from the circuit court.

Cunningham's conviction was final in 1999.  He timely challenged his conviction and sentence in 8:02-cv-2233-T-23TGM, which application was denied on the merits.  Both the district court and the circuit court declined to issue a certificate of appealability.  (Doc. 17 and 19)  Cunningham asserts entitlement to a new limitation because "the issue herein is a newly discovered claim regarding evidence that was unknown to the court, petitioner, or his trial counsel, and could not have been ascertained through due diligence."  (Doc. 1 at 15)  In 2012 Cunningham

presented his claim of newly discovered evidence to the state court, which denied his motion for post-conviction relief "because the evidence is not of such character that it would probably produce an acquittal on retrial, particularly in light of the weight of testimony and evidence introduced against Defendant at trial."  (Doc. 1 at 20)

Cunningham is precluded from pursuing a second or successive application without permission from the Eleventh Circuit Court of Appeals.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999).  In response to an earlier order to show cause why this action is not barred (Doc. 14), Cunningham argues entitlement to pursue a second or successive application based on newly discovered evidence.  Under Section 2244(b)(2)(B) the discovery of new evidence is a basis for seeking permission from the circuit court to pursue a second or successive application if the application meets two prerequisites:

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offence.

Cunningham must prove to the circuit court, not the district court, that his newly discovered evidence meets the requirements of Section 2244(b)(2)(B), and until

he obtains authorization to file a second or successive application, the district court lacks jurisdiction to review the application. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.  The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Cunningham is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Cunningham must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the application is clearly a second or successive application, Cunningham is entitled to neither a COA nor leave to appeal *in forma pauperis*.

- 3 -

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Cunningham must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on November 10, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE